[No. 1165.]
Dorsey, Trustee, v. Armor.

1. Injunction—Contemporaneous Oral Agreement.
A complaint in a suit to enjoin the foreclosure of a deed of trust given to secure a promissory note that alleged that the payee of the note at the time of its execution agreed that in case a United States patent was obtained for the land the note would be extended for two years, states no grounds for equitable relief since a contemporaneous parol agreement is inadmissible to contradict or vary the terms of a written contract.

2. Same.
An allegation in a complaint, to enjoin the foreclosure of a deed of trust to the effect that the payee of the note and other parties had conspired to obtain the property for less than its value, could have no effect upon the terms of the note or upon the remedy of the payee if unpaid, as the payor could render such conspiracy harmless by fulfilling the promise contained in the note.

3. Same—Judgment for Costs.
In a suit to enjoin the foreclosure of a deed of trust where the complaint stated no sufficient grounds for equitable relief the defendant was entitled to have the suit dismissed at plaintiff's cost. And upon payment by plaintiff of the amount due upon the note it was error for the court to dismiss the case without giving defendant a judgment for his costs.

*Error to the District Court of Arapahoe County.*

Messrs. Teller, Orahood & Morgan, and Mr. Clayton C. Dorsey, for plaintiffs in error.

Mr. GEORGE S. REDD, for defendant in error.

THOMSON, P. J., delivered the opinion of the court.

On the 22d day of January, 1894, Edwin McC. Armor conveyed to the defendant Clayton C. Dorsey, as trustee, with the sheriff of Arapahoe county as successor in trust, certain real estate in Jefferson county, to secure the payment of a promissory note for $1,000, made, on the same day, by Armor to the defendant H. P. Ellis, due one year from date, with interest at the rate of 10 per cent per annum, payable quarterly. The trust deed provided that upon the failure of Armor to pay any instalment of interest when it became due, Ellis might elect to declare the principal of the note and all unpaid interest thereon due, and proceed to a foreclosure of the trust deed for the whole amount. After the execution of the deed Armor conveyed the property to one Richmond, and the latter immediately conveyed it to Catherine W. Waggener, who afterwards became the wife of Armor, and who instituted this proceeding as plaintiff. Both of the conveyances mentioned were made subject to the trust deed. Default was made in the payment of the instalment of interest which became due on April 22, 1894, and the default having continued until July 16, 1894, Ellis elected to declare the principal and accrued interest due and payable, and caused the property to be advertised for sale in accordance with the terms of the trust deed. Thereupon the plaintiff brought suit against the defendant, and applied for, and obtained, an *ex parte* injunction restraining the sale. The complaint in that suit is not in the record, but the answer, which must be accepted as true, because it was not denied, alleges that it was substantially the same as the complaint in this proceeding. The defendants answered the complaint, and the litigation was prolonged by dilatory motions of the plaintiff until November 3, 1894, when a written stipulation was entered into and filed in the cause, between her attorneys and those of the defendants that she

should pay to the defendant Ellis all interest then due, and his costs and expenses; that at the maturity of the note she should pay to Ellis the amount due upon it; that in case of her failure to do so the defendants might at once proceed to advertise and sell the property in accordance with the terms of the trust deed, without interference or delay by the plaintiff or any person in her behalf, by injunction or otherwise, and that upon payment being made of the interest and expenses, the suit then pending should be dismissed at her costs. In pursuance of this stipulation she paid to Ellis the amount agreed upon, and the suit was dismissed as the stipulation provided. No part of the note was paid at its maturity, and Ellis again caused the property to be advertised for sale. The plaintiff thereupon instituted this proceeding, and, upon application to the court, procured an *ex parte* injunction restraining the sale.

The allegations of the complaint were that at the time of the execution of the note and the trust deed, it was understood and agreed between Ellis and Edwin McC. Armor that in case a United States patent for the land should issue to Armor before the maturity of the note, the time of payment of the note should be extended for two years from the date when by its terms it would become due; that a United States patent for the land did issue to Armor on the 15th day of February, 1894; that after the patent issued, and before the note matured, Armor applied to Ellis for the extension mentioned, which Ellis after hesitating whether he would comply with the request or not, finally refused to grant. The complaint further averred a value in the land considerably in excess of the amount of the note by reason of its contiguity to lands of a resort company, and a conspiracy between Ellis and the company to obtain title to the property for the amount due on the note, in pursuance of which Ellis was to refuse the extension and proceed to a foreclosure; and alleged that except for the conversation between Armor and Ellis relating to the extension of the time of payment of the note, which led Armor to believe that the extension would

be granted, the plaintiff could have procured the money to pay the note by placing another incumbrance on the land. The relief prayed was an enforcement of the agreement to extend, and an intermediate injunction.

The defendants Dorsey, trustee, and Burchinell, sheriff of Arapahoe county, successor in trust, answered setting forth their respective relations to the trust deed, and disclaimed any interest in the controversy. The defendant Ellis answered, and at the same time moved to dissolve the injunction for want of equity in the plaintiff, as shown both by the allegations of the complaint and the facts pleaded in the answer. The answer of Ellis denied all the allegations of the complaint except those concerning the execution and terms of the note and trust deed and the advertisement of the land for sale, and set up the stipulation filed in the first suit. There was no replication to the answer. After Ellis had answered, the plaintiff filed an amendment to her complaint, alleging that Ellis and the officers of the resort company, between July, 1894, and February, 1895, for the purpose of preventing fair competition at the sale of the property, and for the purpose of preventing plaintiff from procuring a loan upon the land to pay off the note, had represented to different persons, and particularly to one Waldo, that the land was of little value, and that except for such representations, she would have been able to procure from Waldo a sum of money sufficient to pay off the note. Within a few days after the amendment was made, the plaintiff filed a supplemental complaint, in which she averred that she had paid to Ellis $1,075, which was received by him in full satisfaction and payment of the note and all expenses, costs and charges of the trustee. Ellis admitted that the note had been paid in full. The court upon being advised of the payment of the note dismissed the bill, but refused the defendants judgment for costs. The defendants contended for a dismissal at the costs of the plaintiff, and duly excepted to the order which the court made requiring them to pay their own costs, and prosecuted an appeal from that order to this court.

As we understand the record, the only question here is, how should the costs be adjudged? The complaint as it was originally framed contains no equity. Its principal allegations were that at the time of the making of the note it was understood and agreed that if a certain event should occur, two years was to be added to the time of payment; that the event did occur, and that Armor demanded the extension, and it was refused. It is evident from the complaint that this agreement, if it was ever made, rested in some kind of a conversation between Armor and Ellis, which took place at the time the note was made. One of the first principles to which the attention of a student of the law of evidence is directed, is this, that proof of a contemporaneous parol agreement is inadmissible to contradict or vary the terms of a valid written instrument. Such an agreement as the one pleaded could effect no change in the promise contained in the note. The note, by its terms, fixed the time of its maturity, and, therefore, the time when the holder might lawfully resort to his security for the collection of the amount due, and those terms were never altered. A conspiracy, even if such existed, between the resort company and Ellis to obtain the property for less than its value, would have no effect upon the terms of the note, or upon the remedy of Ellis if it was unpaid. The maker, or the plaintiff, could easily have rendered any such conspiracy ineffective and harmless by fulfilling the promise contained in the note. Neither would untrue statements by Ellis or the resort company, if any such were made, concerning the value of the property, release the maker of the note from the performance of his contract, or protect the property conveyed as security from the consequences of his failure to perform. But even if her statements had disclosed some equity which a court could consider, the complaint contained no offer to pay what was due. A prayer to restrain a party from the enforcement of his legal rights, unaccompanied by evidence of a willingness on the part of the complainant to discharge the obligation out of which those rights arose, will not reach

the ear of a court of equity. Conceding the truth of every allegation of the complaint, the plaintiff was entitled to no relief; and we know of no principle upon which the case there made was in the least aided by the amendment. The injunction should not have been granted. Upon the plaintiff's own showing she had no standing as a suitor; but when we take into consideration the stipulation upon which the first proceeding was abandoned, we find it difficult to conceive of a case more devoid of merit.

The court seems to have been of the opinion that the acceptance by Ellis of the amount of the note and the trustee's expenses withdrew the subject-matter of the litigation from the court, and that it could therefore render no judgment. The plaintiff had brought the defendants into court to resist a suit which on its face was without merit, and put the defendants to the expense of making a defense against it. She then paid the whole amount due on the note, and the expenses of the trustee, thereby confessing that she had no substantial ground of complaint; but she did not pay the costs incurred in withstanding her suit. By her own causeless proceeding she compelled the outlay of those costs, and it is surely not in accordance with justice that the defendants should lose them. The defendants were at all times, after the complaint was filed, and upon the allegations which it contained, entitled to a dismissal of the cause at the plaintiff's costs. That the note was paid did not withdraw the subject-matter of any litigation from the court because the complaint failed to disclose a subject-matter of litigation. The payment of the note did not alter the character of the pending case. Upon the plaintiff's own statement the defendants were entitled to judgment; payment of the note had no effect on that statement; it was the basis of the defendant's right to a dismissal; and upon it, without reference to the disposition of the note, judgment should have been rendered. The order is reversed, and the district court is instructed to enter a judgment for costs in favor of the defendants.

*Reversed.*